420 S.E.2d 743

**STATE of West Virginia ex rel. Russell C. PHILLIPS, Appellant,**

v.

**Carl E. LEGURSKY, Warden, West Virginia Penitentiary, Appellee.**

No. 20963.

Supreme Court of Appeals of
West Virginia.

Submitted April 7, 1992.

Decided July 9, 1992.

Russell C. Phillips, pro se.

Teresa A. Tarr, Asst. Atty. Gen., Charleston, for the appellee.

PER CURIAM:

This is an appeal from an order of the Circuit Court of Mineral County, entered on October 29, 1991, in a habeas corpus proceeding. The circuit court denied the appellant the right to obtain a transcript of an *in camera* hearing, held on May 5, 1983, which preceded the appellant's trial in June of 1983 for first-degree murder. At trial, the appellant was convicted without a recommendation of mercy

---

and, on appeal, we affirmed the conviction in *State v. Phillips*, 176 W.Va. 244, 342 S.E.2d 210 (1986).

The attorney general, in his response, indicates that the official court reporter at the trial left that employment in January of 1985. It also appears that the *in camera* hearing evidence was not transcribed on the original criminal appeal. In view of our habeas corpus law, we do not find the lack of the transcript of the *in camera* hearing to be significant.

■ Traditionally, we have held that habeas corpus is not a substitute for an appeal and that a showing of error of a constitutional dimension is required in order to set aside a criminal conviction in a collateral attack by writ of habeas corpus. We summarized this principle in Syllabus Point 4 of *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied*, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983):

"A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed."

*See also* Syllabus Point 9, *State ex rel. Boso v. Hedrick*, 182 W.Va. 701, 391 S.E.2d 614 (1990); Syllabus Point 7, *Cole v. White*, 180 W.Va. 393, 376 S.E.2d 599 (1988); Syllabus Point 2, *Edwards v. Leverette*, 163 W.Va. 571, 258 S.E.2d 436 (1979).

Here, the appellant's assertion is essentially one of trial error, similar to an assignment of error made and rejected in his criminal appeal concerning introduction of rebuttal testimony by the State. At trial, the State, in its case-in-chief, had introduced a statement of the appellant in which he said that he met an individual by the name of "Stretch" or "something like that" in the Loop Club parking lot in Elkins, West Virginia. This individual supposedly rode with the appellant and the victim, Timothy Roberts, to Parsons, West Virginia. The State then called as a witness a person named Donald "Stretch" Murphy who testified that he lived above the Loop Club. He stated that he had never seen the appellant nor the victim.

The appellant, when he took the stand, stated that Donald "Stretch" Murphy was not the person who had joined him and the victim in the Loop Club parking lot. In rebuttal, the State offered the testimony of a police officer who stated the appellant had, after his arrest, identified a photograph of Donald "Stretch" Murphy as being that person. In the appellant's criminal appeal, we found no prejudice in the admission of this evidence, noting that "the circuit court permitted the appellant to take the stand to rebut the impeachment evidence." 176 W.Va. at 248, 342 S.E.2d at 214.

In this habeas corpus proceeding, the appellant claims that a transcript of the *in camera* hearing would demonstrate that he did not identify Donald "Stretch" Murphy's photograph. However, even if we assume this assertion is true, it is, at best, trial error. From an evidentiary standpoint, the transcript might have been used to cross-examine the police officer regarding his rebuttal testimony. However, this claim does not rise to an error of constitutional dimension and, therefore, is not reviewable under *State ex rel. McMannis v. Mohn*, *supra*.

We, therefore, conclude that the trial court committed no error, and its order of October 29, 1991, is affirmed.

Affirmed.