582 S.E.2d 782

**STATE of West Virginia ex rel. William CRUPE, Petitioner,**

v.

**Steve YARDLEY, Warden, Denmar Correctional Center, Respondent.**

No. 30972.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 11, 2003.

Decided April 14, 2003.

Jack Wood, Public Defender Corporation, Wheeling, for the Petitioner.

Scott R. Smith, Prosecuting Attorney, William J. Ihlenfeld, Assistant Prosecuting Attorney, Wheeling, for the Respondent.

PER CURIAM.

Mr. William Crupe (hereinafter "petitioner" or "Mr. Crupe") requests this Court to issue a post-conviction writ of habeas corpus based upon allegations of denial of right to appeal based upon a delay in the production of the trial transcript, failure of the State to disclose evidence concerning a witness, insufficient evidence of the crime of sexual abuse, and improper selection and impanelment of the petit jury. Based upon thorough review of this matter, we grant the requested writ of habeas corpus as moulded.

### I. Facts and Procedural History

On December 12, 2000, Mr. Crupe was found guilty of one count of sexual abuse involving his five-year-old son and was sentenced to one to five years in the West Virginia State Penitentiary on January 4, 2001. Although Mr. Crupe filed a notice of intent to appeal on January 11, 2001, no appeal has yet been filed. Mr. Crupe requested a new trial in the Circuit Court of Ohio County based upon the failure of the State to disclose exculpatory and/or newly discovered evidence.[1] By order dated August 16, 2001, the lower court denied Mr. Crupe's motion for a new trial, finding that the evidence in question, a taped confession to an essentially unrelated crime, was merely going to be utilized by the petitioner for impeachment purposes.

On October 5, 2001, Mr. Crupe requested a writ of habeas corpus in the lower court, alleging (1) denial of right to appeal, (2) failure of the State to disclose evidence, and (3) inability of counsel to raise all grounds for relief due to the absence of a complete transcript. The transcripts were filed with the lower court on November 22, 2001.[2] By order dated November 29, 2001, the lower court granted Mr. Crupe's motion in part, reasoning that the delay in production of the transcript had prevented Mr. Crupe from filing a timely appeal. Consequently, the lower court informed Mr. Crupe that he could be resentenced in order to restart the time period within which the petitioner could file an appeal. To the knowledge of this Court, Mr. Crupe has not yet been resentenced. Regarding the issue of the State's disclosure of evidence, however, the lower court held that such issue was res judicata, since it had been addressed in the motion for a new trial. Moreover, the lower court reasoned that even if the evidence had been

---

1. The West Virginia Fire Marshall had interviewed the alleged victim's mother and had obtained a taped confession to the crime of arson. The mobile home burned by the victim's mother was the location at which the alleged sexual abuse had occurred. The existence of this confession was not revealed to the petitioner, and he now contends that he could have used the evidence to impeach the victim's mother during her testimony as a witness in the sexual abuse case.

2. The court reporter responsible for the production of the transcript had apparently moved out of state. Despite repeated attempts to obtain the transcript, it was not provided until November 22, 2001.

provided to the jury, the verdict would not have been altered based upon that evidence.

On April 8, 2002, this Court considered Mr. Crupe's request for habeas corpus relief, in which Mr. Crupe alleged the issues he had raised below, including the failure to obtain a transcript in a timely fashion and the failure of the State to produce evidence regarding the fire marshall's interview with the alleged victim's mother. In addition to those grounds, Mr. Crupe contended that insufficient evidence of the crime of sexual abuse was presented and that the petit jury was improperly and unconstitutionally selected.[3] On November 27, 2002, this Court granted a rule to show cause, returnable February 11, 2003.[4]

## II. Standard for Issuance of Writ of Habeas Corpus

In syllabus point four of *Click v. Click*, 98 W.Va. 419, 127 S.E. 194 (1925), this Court explained: *"Habeas Corpus* is a suit wherein probable cause therefor being shown, a writ is issued which challenges the right of one to hold another in custody or restraint." In syllabus point one of *State ex rel. Tune v. Thompson*, 151 W.Va. 282, 151 S.E.2d 732 (1966), this Court stated that "[t]he sole issue presented in a habeas corpus proceeding by a prisoner is whether he is restrained of his liberty by due process of law."

West Virginia Code § 53–4A–1(a) (1967) (Repl.Vol.2000) delineates the circumstances under which a post-conviction writ of habeas corpus is available, as follows:

> Any person convicted of a crime and incarcerated under sentence of imprisonment therefor who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the common-law or any statutory provision of this State, may, without paying a filing fee, file a petition for a writ of habeas corpus ad subjiciendum, and prosecute the same, seeking release from such illegal imprisonment, correction of the sentence, the setting aside of the plea, conviction and sentence, or other relief, if and only if such contention or contentions and the grounds in fact or law relied upon in support thereof have not been previously and finally adjudicated or waived in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence. . . .

Courts have typically been afforded broad discretion in determining whether to grant a petition for post-conviction habeas corpus relief. In *Ravnell v. Coiner*, 320 F.Supp. 1117 (N.D.W.Va.1970), the United States District Court for the Northern District of West Virginia explained that "[t]he decision as to whether to grant relief, deny relief, or to hold an evidentiary hearing on factual issues, if any exist, is a matter of discretion with the courts of West Virginia." *Id.* at 1124, *citing* W. Va.Code §§ 53–4A–3 and 53–4A–7; *see*

---

**3.** Mr. Crupe emphasizes that West Virginia Code § 62–3–3(1949) (Repl.Vol.2000) and West Virginia Rule of Criminal Procedure 24(b)(1)(A) provide that a panel of twenty prospective jurors must be provided, from which the ultimate twelve will be selected. The prospective panel in Mr. Crupe's case was reduced to nineteen members during the voir dire process, based upon the fact that numerous potential jurors were struck for cause. Because only seven more potential jurors could be removed through peremptory strikes in selecting the jury of twelve members, the lower court informed the State that it would lose one of its two peremptory strikes. Mr.

Crupe maintains that despite the fact that he received six strikes, the lower court's deviation from the statutory protocol constitutes error to be corrected within this habeas corpus request.

**4.** This matter should have been presented to this Court as an appeal from the lower court's order granting limited habeas corpus relief. Based upon the posture upon which it was presented, however, we will refer to Mr. Crupe as the petitioner rather than the appellant and proceed to consider this matter as a petition for a writ of habeas corpus.

also State ex rel. Valentine v. Watkins, 208 W.Va. 26, 537 S.E.2d 647 (2000).

## III. Discussion

■ Our evaluation of this matter must be founded upon the following principle: "Traditionally, we have held that habeas corpus is not a substitute for an appeal and that a showing of error of a constitutional dimension is required in order to set aside a criminal conviction in a collateral attack by writ of habeas corpus." *State ex rel. Phillips v. Legursky* 187 W.Va. 607, 608, 420 S.E.2d 743, 744 (1992). This Court explained this axiom as follows in syllabus point four of *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied*, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983): "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." *See also* Syl. Pt. 9, *State ex rel. Boso v. Hedrick*, 182 W.Va. 701, 391 S.E.2d 614 (1990); Syl. Pt. 7, *Cole v. White*, 180 W.Va. 393, 376 S.E.2d 599 (1988). "By this we mean that ordinary trial error not involving constitutional violations will not be reviewed in a habeas corpus proceeding." *McMannis*, 163 W.Va. at 137, 254 S.E.2d at 809. In *Edwards v. Leverette*, 163 W.Va. 571, 258 S.E.2d 436 (1979), this Court observed that "we still maintain a distinction, so far as post-conviction remedy is concerned, between plain error in a trial and error of constitutional dimensions. Only the latter can be a proper subject of a habeas corpus proceeding." *Id.* at 576, 258 S.E.2d at 439.

Consequently, while we offer no opinion regarding the merit of Mr. Crupe's claims presented in proper context, our review of these matters in a habeas corpus context is limited. Only matters of constitutional magnitude will be remedied through habeas corpus relief. Mr. Crupe presents essentially four issues for our assessment: failure to obtain a transcript in a timely fashion; the State's failure to disclose evidence regarding a witness; allegedly insufficient evidence of the crime of sexual abuse; and improper selection of the petit jury.

■ The lower court was presented with the issue of the delay in production of the transcript and the effect of that delay upon the petitioner's right to appeal. The lower court quite reasonably recognized the prejudice to the petitioner and offered to resentence the petitioner to extend the period within which an appeal could be filed. We find such resolution appropriate and curative of any impairment the petitioner may have suffered as a consequence of the delay in production of the transcript. We therefore conclude that the petitioner is not entitled to habeas corpus relief on the ground that he did not obtain the transcript until November 22, 2001.

■ The petitioner's remaining allegations, regarding (1) the State's failure to disclose the fact that the victim's mother had confessed to arson; (2) the insufficiency of evidence of the crime of sexual abuse; and (3) impropriety in the selection of the petit jury, are more appropriately raised as assignments of error in the appellate forum, rather than in the context of this habeas corpus proceeding. The petitioner's request for habeas corpus relief below resulted in the lower court's determination that resentencing would be appropriate; yet the petitioner never availed himself of this opportunity to address these issues squarely within an appellate framework. Regarding assertions of error made in the context of a habeas corpus proceeding, this Court observed in *Phillips* that "even if we assume this assertion is true, it is, at best, trial error." 187 W.Va. at 608, 420 S.E.2d at 744.

Based upon the foregoing review of the petitioner's allegations, we find that these issues, despite the petitioner's contention that they may have some constitutional dimension, are more properly considered in the context of an appeal, in addition to other issues Mr. Crupe may have preserved for appellate review. We consequently grant the requested writ of habeas corpus to the limited extent that the petitioner is entitled to resentencing. We remand for the purpose of resentencing and for hearing motions appropriate to the resentencing process.

Writ granted as moulded, and case remanded with directions.

DAVIS, J., dissenting.

In this proceeding the majority opinion granted the petitioner, William Crupe, habeas corpus relief for the purpose of resentencing. For the reasons stated below, I dissent.

### The Petitioner Did Not Request Habeas Relief for Resentencing

The majority opinion concluded that Mr. Crupe presented "essentially four issues for our assessment: failure to obtain a transcript in a timely fashion; the State's failure to disclose evidence regarding a witness; allegedly insufficient evidence of the crime of sexual assault; and improper selection of the petit jury."[1] The majority opinion correctly found that none of these issues were properly before the Court in a habeas proceeding, therefore no relief could be granted on the issues raised in the petition.

Accordingly, the majority opinion should have simply denied the writ. Instead of denying the writ, however, the majority opinion *sua sponte* determined that the writ should be issued commanding the trial court to resentence Mr. Crupe for appeal purposes.

In this proceeding, Mr. Crupe did not ask this Court to issue a writ directing the trial court to resentence him. Our cases have indicated that "a defendant who fails to raise any issue ... proceeds at his or her peril even when the issue is of a constitutional dimension." *State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring). *See also State v. Lockhart*, 208 W.Va. 622, 627 n. 4, 542 S.E.2d 443, 448 n. 4 (2000) ("Assignments of error that are not briefed are deemed waived."); *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised ... are not considered[.]"). The majority opinion violates our time honored rule that prohibits review of and relief for matters that have not been properly raised.

In my review of the record in this case, it has become quite obvious why Mr. Crupe did not ask this Court to issue the writ requiring resentencing. Mr. Crupe initially filed a petition for habeas relief in the trial court. By order entered November 28, 2001, the trial court granted Mr. Crupe habeas relief in part. The relief granted in the habeas proceeding by the trial court was as follows: "Accordingly, the Court shall schedule a hearing to resentence the Petitioner, if he so desires, so as to give him an additional four months for appeal."

The habeas relief granted by the trial court is the exact same relief the majority opinion purports to award Mr. Crupe. It is simply illogical to issue the writ purporting to grant the same relief that has already been granted by the trial court.

For this reason, then, I respectfully dissent.

---

1. There was a fifth issue raised by Mr. Crupe which the majority opinion indirectly addressed. Mr. Crupe argued that he was denied the right to appeal the underlying conviction. This issue has no merit. The trial court extended the time period for appeal so that Mr. Crupe would be able to file his appeal.