# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Timothy Dwight Griffith,**
**Petitioner Below, Petitioner**

**FILED**

**December 2, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0288** (Harrison County 10-C-126)

**Patrick Mirandy, Warden,**
**St. Mary's Correctional Center,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Timothy Dwight Griffith, by counsel Rocco E. Mazzei, appeals the order of the Circuit Court of Harrison County, entered February 14, 2013, denying his petition for writ of habeas corpus. Respondent appears by counsel Scott E. Johnson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in the September of 2005 Term of Court for the Circuit Court of Harrison County. Count Four of that indictment charged:

> That on or about the 26th day of May 2005, in Harrison County, West Virginia, [petitioner] committed the offense of Robbery in the First Degree by unlawfully feloniously and intentionally taking medication belonging to Newpointe Pharmacy, located at 463 Emily Drive, Clarksburg, Harrison County, West Virginia, to wit: Oxycodone/APAP, Alprazolam and Tussionex Suspension, and [petitioner] did then and there take said medication in the presence of Mike Kovach, an employee of Newpointe Pharmacy, against his will and *by the threat of deadly force and by the presenting of a firearm, to wit: a black revolver,* with the intent to permanently deprive Newpointe Pharmacy of ownership of said property, against the peace and dignity of the State.

(Emphasis supplied.)

Petitioner entered a plea of guilty and was sentenced to a one-to-ten year term of incarceration for a third-offense shoplifting charge, and a term of forty years for the robbery charge, with the terms to be served concurrently. Petitioner was resentenced for purposes of

1

appeal, and his petition for direct appeal was refused. Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Harrison County. An omnibus hearing was conducted in July of 2012.

By order entered February 14, 2013, the circuit court denied the petition for writ of habeas corpus. On appeal, petitioner asserts three assignments of error: (1) the trial court failed to find that there was no evidence of presentment of a firearm, no evidence of the threat of deadly force by presentment of a firearm, and no use of a firearm to support petitioner's conviction, because the trial court failed to engage in the appropriate colloquy required by the West Virginia Rules of Criminal Procedure, Rule 11(f); (2) the circuit court erred in its determination that petitioner did not suffer ineffective assistance of counsel when he was advised to plead guilty to robbery in the first degree; and (3) the circuit court erred in determining that petitioner's plea was voluntary. We review petitioner's assignments of error as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012).

We agree with respondent that petitioner's first assignment of error does not present an appropriate basis for habeas corpus relief, because it does not raise an issue of constitutional significance. We have explained:

> This Court has frequently stressed that the standard for obtaining habeas corpus relief differs markedly from that which applies to secure a reversal on direct appeal: "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied*, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983); *see also* Syl. pt. 9, *State ex rel. Azeez v. Mangum*, 195 W.Va. 163, 465 S.E.2d 163 (1995); *State ex rel. Phillips v. Legursky*, 187 W.Va. 607, 420 S.E.2d 743 (1992).

> This limitation on the right to collaterally challenge a criminal conviction has special force in instances where the conviction rests upon a guilty plea, where the concern for finality is particularly strong. Thus, as we recently stated in syllabus point 10 of *State ex rel. Vernatter v. Warden*, 207 W.Va. 11, 528 S.E.2d 207 (1999):

>> A habeas petitioner may successfully challenge a guilty-plea conviction based upon an alleged violation of Rule 11 of the West Virginia Rules of Criminal Procedure only by establishing

that the violation constituted a constitutional or jurisdictional error; or by showing that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure. Moreover, the petitioner must also demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty.

The Court likewise made clear in *Vernatter* that "a prisoner may not collaterally attack a guilty plea under Rule 11 where 'all that is shown is a failure to comply with the formal requirements of the Rule.'" 207 W.Va. at 20, 528 S.E.2d at 216 (quoting *United States v. Timmreck*, 441 U.S. 780, 785, 99 S.Ct. 2085, 2088, 60 L.Ed.2d 634 (1979)); *see also Thomas v. Leverette*, 161 W.Va. 224, 227, 239 S.E.2d 500, 502 (1977) (pointing out that *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), the precursor to Rule 11, merely "suggested specific inquiries that should be made of the defendant at the time his guilty plea is taken in order to forestall future attack on the guilty plea by way of a habeas corpus proceeding. *Call* acknowledged that the failure of the trial court to follow each suggested inquiry would not invalidate the guilty plea."). In simpler terms, a failure to comply with Rule 11 is not by necessary implication a failure to comply with due process. *See Haase v. United States*, 800 F.2d 123, 127 (7th Cir.1986) ("Rule 11 is a device for protecting [the voluntariness of a guilty plea,] but the scope of the Rule does not equal the more limited scope of the constitutional right."); *Salazar v. Warden, Utah State Prison*, 852 P.2d 988, 991-92 (Utah 1993).

*State ex rel. Farmer v. Trent*, 209 W.Va. 789, 794, 551 S.E.2d 711, 716 (2001). For the reasons explained in more detail below, the trial court's failure to establish at the plea hearing whether an actual firearm was used or presented in the commission of the crime does not meet the requirements for review that we set forth in Syllabus Point 10 of *Vernatter*, as described above.[1]

Our review of petitioner's second assignment of error is governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and subsequently adopted by this Court in *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). In Syllabus Point 5 of *Miller*, we stated:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a

---

[1]Because petitioner's third assignment of error—that his plea was not voluntary—rests on the same facts as his first, we also find no merit therein. A habeas petitioner seeking to overturn his guilty plea bears the burden of persuasion with respect to the voluntariness of the plea. *See* Syl. Pt. 3, *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726 (1971) ("The burden of proving that a plea was involuntarily made rests upon the pleader."); *accord* Syl. Pt. 1, *State ex rel. Wilson v. Hedrick*, 180 W.Va. 689, 379 S.E.2d 493 (1989).

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim. *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 321, 465 S.E.2d 416, 423 (1995).

The plea ultimately accepted by the trial court resulted from the second agreement entered into between the State and petitioner. The first plea was withdrawn, by leave of court, after petitioner's counsel—different counsel than the attorney who represented petitioner through his initial plea negotiations—advised the Court that he was unable to provide a factual basis for the plea. Petitioner testified at his omnibus hearing that his relief counsel discussed petitioner's co-defendant's assertion that a toy gun was used, and advised petitioner to withdraw the plea on that basis. Counsel, Teresa Cogar, also testified at the omnibus hearing. She confirmed that she and co-counsel Nancy Ulrich discussed the co-defendant's possible use of a toy gun with petitioner, and that they conveyed to petitioner the concern that the robbery victim perceived that the gun was real and would testify as such. Ms. Cogar confirmed that as a result of negotiations leading to the second plea agreement, the State agreed not to file a recidivist information, and to recommend a sentence of twenty years of incarceration for the robbery.[2] These terms were not offered in the earlier agreement.

Petitioner's challenge centers on his assertions that an actual firearm was not used in the commission of the crime, and that his co-defendant showed the butt of a toy gun to the pharmacy employee, but did not "present" the gun as required by W.Va. Code § 61-2-12. Petitioner stated that, while he was a party to the robbery, he waited in the car while his co-defendant went into the pharmacy, and he also stated that the toy gun that was used was discarded. We find that, for the purposes of our discussion, our consideration of these assertions is co-extensive; petitioner was not present during the portion of the robbery when the instrument was shown, and the instrument was not recovered for police to verify co-defendant's statement that it was a toy. We must consider whether counsel's actions were reasonable in light of the unverified assertions, and we find that they were.

Counsel and petitioner each testified that counsel advised petitioner that a toy gun would not satisfy the statutory requirements, but that the robbery victim was expected to testify that he did not believe the gun was a toy. It was also unclear how the gun was shown to the victim. Based on the testimony at the omnibus hearing, we find that petitioner was fully informed of the state of the evidence as it related to the charges against him. Counsel's actions were reasonable and, in fact, secured more favorable plea agreement terms. There is no indication that counsel made unprofessional errors, and thus we cannot envisage a different outcome of these proceedings.

For the foregoing reasons, we affirm.

---

[2]By the time of the entry of his plea, petitioner had amassed a substantial criminal record.

4

Affirmed.

**ISSUED:**  December 2, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II