**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jerry R.,**
**Petitioner Below, Petitioner**

**FILED**

June 16, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**v.) No. 13-1090** (Raleigh County 01-C-786 & 00-F-76)

**David Ballard, Warden,**
**Mount Olive Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry R.[1], by counsel G. Todd Houck, appeals the Circuit Court of Raleigh County's orders entered on April 15, 2003 and October 8, 2013, which denied petitioner's request for habeas relief. The respondent David Ballard (Warden), by counsel Laura Young, has filed a response to the present appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 12, 2000, the petitioner was indicted on fifty counts of various sexual offenses involving his two daughters. The petitioner pled guilty to twenty of the counts. He was sentenced to a term of 85 to 185 years in the division of corrections

On September 17, 2001, the petitioner filed a *pro se* petition for writ of habeas corpus. Habeas counsel was appointed, who then filed an amended petition. On January 28, 2003, and March 21, 2003, hearings were held to hear testimony and take evidence regarding the amended habeas petition. On April 15, 2003, the habeas court issued an order denying relief in habeas corpus that included findings of fact and conclusions of law.

On October 8, 2013, the habeas court entered an order extending the time period for appeal. The petitioner now appeals the circuit court's orders, and presents two assignments of error.

---

[1] Due to the sensitive facts involved in this case, we refer to petitioner by his initials. *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

The petitioner's first argument is that he was denied effective assistance of counsel. The petitioner claims that trial counsel misled him as to the terms of the plea agreement or the potential exposure of a life sentence. The petitioner further claims trial counsel failed to challenge the voluntariness of two recorded statements he gave to police (on two separate days) after being given his *Miranda* warnings. Finally, the petitioner claims that trial counsel failed to question the competence or credibility of the eleven year old victim.

We apply the following standard of review to claims of ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

As we discuss below, this Court agrees with the circuit court that the trial attorney's representation of the petitioner was not deficient under an objective standard of reasonableness. However, even were we to presume the trial attorney's performance was deficient, there is nothing to suggest the result of the proceedings would have been different. In *Hill v. Lockhart*, 474 U.S. 52 (1985) the Supreme Court, applying *Strickland*, held that a defendant claiming ineffective assistance of counsel in a plea proceeding must demonstrate that trial counsel's deficient advice had a negative impact on the outcome of the proceedings. Specifically, the Court held that to satisfy the second, "prejudice" prong of Strickland, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*, 474 U.S. at 59. Finally, in order to show resulting prejudice from counsel ineffectiveness, a defendant must demonstrate that if he had gone to trial, the outcome of the proceedings could have been more favorable than the outcome of the plea. *Id*.

First, we reject the petitioner's assertion that his attorney misled him regarding the potential length of his sentence. The record reveals that the petitioner was not misled because he testified at the plea hearing that he had reviewed the possibility of a 150- to 340-year sentence with his trial attorney. Second, we reject the petitioner's assertion that he received ineffective assistance of counsel because his attorney failed to file a motion to suppress his statements to police. However, the record shows the petitioner voluntarily went to the police station, was advised of his right to counsel and to remain silent, and then gave a recorded statement. Two days later, petitioner voluntarily returned to the police station and gave another recorded statements. The petitioner fails to establish that

if a motion to suppress had been filed by his trial counsel that it would have been granted. The petitioner further fails to establish that if the motion to suppress had been granted that the parties would have proceeded to trial, or that the outcome would have been more favorable than the plea.

Third and finally, the petitioner fails to prove that trial counsel's failure to question the victim's competency and credibility was ineffective assistance of counsel. W. Va. Code 61-8B-11 [1986], the "Rape Shield Statute," states, "In any prosecution under this article, neither age nor mental capacity of the victim shall preclude the victim from testifying." Therefore, from a thorough reading of the statute and record, there is no indication that the victim's competency or credibility could have been successfully challenged.

Moreover, the petitioner fails to establish that trial counsel's failure to file a motion to suppress the victim's statement was ineffective assistance of counsel. Specifically, the petitioner did not argue that absent failure to challenge the victim's statement, he would have not pleaded guilty and would have insisted on going to trial. Furthermore, the petitioner did not assert or provide any evidence to suggest that if he had gone to trial, the outcome of the proceeding would have been more favorable than the plea.

Thus, the petitioner not only failed to establish that trial counsel's performance was deficient, he also failed to carry his burden of showing that but for counsel's allegedly unprofessional errors, the proceedings would have been different. Accordingly, the petitioner's argument fails the *Strickland* test.

The petitioner's second argument is that he was misled and coerced into entering the plea agreement. The petitioner asserts that he entered the plea agreement due to a mixture of threats and promises made by his attorney, such as the assurance of a five or six year sentence if he pled guilty.

To challenge a guilty-plea conviction based upon an alleged violation of *Rule 11* of the *West Virginia Rules of Criminal Procedure*, a habeas petitioner must establish that the violation constituted a constitutional or jurisdictional error, or show that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure. Moreover, the petitioner must demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised would not have pleaded guilty. *See* Syl. Pt. 10, *State ex. rel. Vernatter v. Warden*, 207 W. Va. 11, 528 S.E.2d 207 (1999). Furthermore, a habeas petitioner seeking to overturn his guilty plea bears the burden of persuasion with respect to the voluntariness of the plea. *See* Syl. Pt. 3, *State ex. rel. Clancy v. Coiner*, 154 W. Va. 857, 179 S.E.2d 726 (1971) ("The burden of proving that a plea was involuntary made rests upon the pleader."); *accord* Syl. Pt. 1, *State ex. rel. Wilson v. Hedrick*, 180 W. Va. 689, 379 S.E.2d 493 (1989) (per curiam).

The circuit court properly found that the petitioner has failed to meet the burden of persuasion. While the petitioner states that he was misled and coerced when entering into the plea agreement, the record does not support his assertion. The petitioner was made fully aware of the consequences of the plea by trial counsel and the trial judge. The record further reveals that the petitioner was repeatedly informed that he did not have to plead guilty and that he had the opportunity to go to trial. As noted above, the petitioner even testified that he was aware that the counts to which he was pleading carried a potential sentence of 150 to 340 years. Here, the petitioner fails to: (1) establish that the alleged misrepresentation and coercion constituted a constitutional or jurisdiction error, (2) show that the error resulted in a complete miscarriage of justice or, (3) reveal unfairness in the proceeding. Therefore, the petitioner fails to adequately challenge his guilty-plea based on an alleged violation of *Rule 11*.

The petitioner points to *Blackledge v. Allison*, which held that a guilty plea may be rendered involuntary if the evidence shows "misunderstanding, duress, or misrepresentation by others" that demonstrates a constitutional deficiency. *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). However, in *Blackledge*, the crux of the decision was based on the fact that there had been no evidentiary hearing, and the case was then remanded to conduct an evidentiary hearing. *Id.*

In the case at hand, the petitioner was afforded an evidentiary hearing. During the evidentiary hearing, trial counsel specifically testified that the potential sentence was not misrepresented. The trial attorney termed the allegation that he had promised the petitioner a sentence of five to six years if he pled guilty, "an absolute lie." Thus, this Court can find no error with the circuit court's findings.

For the foregoing reasons we affirm.

Affirmed.

**ISSUED:** June 16, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II