# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jonathan David Boatwright,**
**Petitioner Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 11-1202** (Doddridge County 08-P-06)

**David Ballard, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonathan Boatwright, by counsel April Conner, appeals from the "Order" entered by the Circuit Court of Doddridge County on July 15, 2011, denying petitioner habeas corpus relief. Respondent David Ballard, Warden of Mount Olive Correctional Complex, appears by counsel Thomas Rodd.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial, petitioner was sentenced in June of 2006 to a term of incarceration of ten to twenty years for his conviction of one count of sexual abuse by a parent, guardian, or custodian, a term of incarceration of fifteen to thirty-five years for his conviction of one count of first degree sexual abuse, and a term of incarceration of five to fifteen years for incest. Petitioner thereafter filed a direct criminal appeal which was refused by this Court. Petitioner then filed a petition for writ of habeas corpus in the circuit court, then filed an amended petition for writ of habeas corpus. On July 15, 2011, after hearing arguments and proffers with regard to the petition, the circuit court denied the petition for writ of habeas corpus.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

1

On appeal, petitioner argues that he was denied a prompt hearing because three years had passed from the day he filed his petition for habeas corpus and his final hearing. Petitioner argues that he was denied a full omnibus hearing because the circuit court did not allow live testimony and relied on proffers from counsel with regard to the petition in violation of his due process rights guaranteed to him by Article III, Section 10 of the West Virginia Constitution.

In response, the State argues that petitioner has not challenged any of the reasoning, findings, or conclusions in the circuit court's order denying habeas relief. The State argues that petitioner's counsel clearly left the issue of whether the circuit court needed to take evidence within the court's discretion. Thus having been advised by petitioner's counsel that it was up to the court's inclination whether or not to take evidence, the circuit court cannot err in then exercising its discretion and deciding to not take evidence. Furthermore, petitioner did not indicate what live testimony was necessary to advance his claims.

This Court has previously addressed the denial of a writ of habeas corpus without holding a hearing, as follows:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). In its July 15, 2011, order, the circuit court noted that it reviewed the full record in the proceeding. In the present matter, the circuit court did not err in failing to hold an evidentiary hearing. A review of the record presented and of the circuit court's order shows that the circuit court properly determined that petitioner was not entitled to relief without the necessity of a hearing.

Next, petitioner argues the circuit court did not properly inquire regarding which claims were being advanced and which claims were being waived. Petitioner also argues the final order fails to address this issue and is therefore not a full and complete order pursuant to West Virginia Code § 53-4A-7(c). The State argues this Court has never held that the failure to submit a formal Losh List is so prejudicial to constitute ineffective assistance of counsel.

While West Virginia Code § 53-4A-7(c) (1994) requires a circuit court order denying relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each ground advanced by the petitioner, a remand for such findings is not always necessary. *See State v. VanHoose*, 227 W.Va. 37, 50 n. 39, 705 S.E.2d 544, 557 n. 39 (2010) (per curiam) (finding that a remand was not necessary "because the record in this case is adequately developed."); *State ex rel. Farmer v. Trent,* 209 W.Va. 789, 794 n. 3, 551 S.E.2d 711, 716 n. 3 (2001) (declining to remand for entry of a proper habeas order); *State ex rel. Vernatter v. Warden, West Virginia Penitentiary,* 207 W.Va. 11, 19, 528 S.E.2d 207, 215 (1999) ("While in most circumstances the failure to make specific findings of fact and conclusions of law regarding an issue raised in habeas proceedings would necessitate a remand, we need not take such action in the present case."). In its July 15, 2011 order, the circuit court noted that petitioner raised

seven assignments of error. The circuit court order in regard to those seven issues is well-reasoned and explains why petitioner was denied habeas corpus relief. This Court has never held that failing to submit a Losh List is grounds for reversal. After careful consideration, this Court finds that the circuit court order clearly states the grounds upon which this matter was determined. Thus, the Court finds that all other grounds not specifically asserted by petitioner in his underlying petition for writ of habeas corpus are forever waived except for the limited circumstances provided for by West Virginia law.

Finally petitioner argues that habeas counsel was ineffective because counsel did not call witnesses to advance his claims and failed to spread on the record which claims were being asserted and which claims were waived. Petitioner is raising counsel's alleged ineffective assistance for the first time on appeal. If petitioner continues to believe prior counsel was ineffective, the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising this issue in the court below. *See* Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (While a prior habeas corpus hearing is res judicata as to all matters either raised or should have been raised at the habeas corpus hearing, "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; . . . ."). Because the circuit court had no opportunity to decide the issue of counsel's alleged ineffective assistance, this Court will not address the issue on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court and the denial of petitioner's petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3