# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas Christopher Welker,**
**Petitioner Below, Petitioner**

**FILED**

April 10, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0159** (Kanawha County 06-MISC-306)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Thomas Christopher Welker, by counsel Edward L. Bullman, appeals the February 19, 2014, order of the Circuit Court of Kanawha County denying and dismissing his amended petition for writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Laura Young, filed his response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 2, 2006, petitioner pled guilty to first-degree murder and was sentenced to a term of life incarceration with mercy and the possibility of parole in fifteen years. The evidence against petitioner included his admission to law enforcement officials that he had shot and killed Michelle Hill and later disposed of her body in the Coal River. There was also evidence that petitioner had cleaned his truck after using it to transport Ms. Hill's body and cleaned his trailer where the murder took place. There was evidence that petitioner made a statement to Ms. Hill's mother, Arlene Barker, to the effect that he would kill Ms. Hill if she "did not stop treating him the way she was treating him" and that, on the day before the murder, petitioner threatened to shoot Ms. Hill and Joe Romero. Petitioner entered into his plea agreement after consulting with his attorneys, who the circuit court noted were competent and experienced criminal defense attorneys.

On July 31, 2006, petitioner filed a pro se petition for writ of habeas corpus attempting to have his plea set aside. Counsel was appointed by the circuit court and filed an amended petition for habeas relief, alleging the following errors: (1) coercion by defense counsel in entering into the plea; (2) failure by defense counsel to disclose or adequately discuss a psychological report prior to the plea; and (3) failure by defense counsel to disclose or adequately discuss a blood

1

spatter report prior to the plea. The parties presented evidence at an omnibus hearing on February 9, 2007. On February 19, 2014, the circuit court entered its final order. In that order, the circuit court addressed each of these alleged errors and denied petitioner's amended petition for writ of habeas corpus. Petitioner appeals from that order.

After careful consideration, this Court finds that the circuit court did not err in denying habeas corpus relief to petitioner. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Further, "'[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.' Syllabus Point 4 of *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979) Cert. Denied, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983)." Syl. Pt. 3, *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006).

On appeal, petitioner raises two assignments of error. First, he alleges that his guilty plea was involuntary due to the fact that he was coerced and pressured into the plea by his trial counsel, both personally and through his family. Petitioner points to the fact that on the written guilty plea, he left blank the line asking whether he believed himself to be guilty. He claims there was no discussion of defenses or how to defend against the charges. He also testified as to pressure placed upon him by his mother and sister to accept the plea offer, asserting that his family members had been approached by his counsel regarding the plea offer. Petitioner contends that based upon the totality of the evidence, including his reluctance to enter the plea both before the day of the plea hearing and the morning of the same, the plea should be set aside as involuntary.

"The burden of proving that a plea was involuntarily made rests upon the pleader." *State ex rel. Farmer v. Trent*, 209 W.Va. 789, 794, 551 S.E.2d 711, 716 (2001) (quoting Syl. Pt. 3, *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726 (1971)). Based upon our review of the transcript from the plea hearing, we find that petitioner did not indicate at any point during the hearing that he was coerced or pressured into pleading guilty. To the contrary, he accepted responsibility for his actions. Petitioner's daughter testified at the omnibus hearing, stating that the defense investigator told her that a plea would allow petitioner to get out of jail at some point, rather than risking a sentence of life without the recommendation of mercy. Petitioner's mother testified that she told her son to do whatever his heart said, and petitioner's counsel testified that she discussed the plea with petitioner's mother and daughter at petitioner's request and that petitioner's mother had attempted to convince him not to plead guilty. The mother disagreed with the plea and informed petitioner of that fact. Thus, there was no evidence that petitioner's counsel coerced petitioner to enter a guilty plea, that petitioner was under any duress to enter a guilty plea, or that the circuit court erred in accepting that plea. Therefore, we find that the circuit court did not err in finding that petitioner's guilty plea was not involuntarily made.

2

Petitioner's second assignment of error is that petitioner received ineffective assistance of counsel in that his counsel failed to discuss favorable evidence with petitioner, including the results of a forensic psychiatric evaluation, which opined that petitioner was not a risk to re-offend, and blood spatter evidence that would have supported petitioner's claim of an accidental shooting. Petitioner argues that he first became aware of the favorable blood spatter evidence during the plea process, which is also when he claims he learned of the results of the psychological evaluation. He asserts that he requested to speak with counsel and the trial court stopped the proceedings. During the omnibus hearing, petitioner testified that he asked his counsel about that evidence and was told the evidence would not help. Petitioner now contends that had he known of the results of both the blood spatter report and psychiatric evaluation, he would not have made the decision to enter a guilty plea. He argues that the evidence would have impacted the outcome of a trial since a sentence with mercy would have been supported and a lesser verdict than first degree murder would have been more likely. Petitioner contends that the failure to fully disclose the evidence prior to the plea hearing falls outside the range of competent counsel and impacted his decision to accept the guilty plea.

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). Further, when reviewing counsel's performance, courts must determine whether "the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." Syl. Pt. 6, in part, *Miller*, 194 W.Va. at 6, 459 S.E.2d at 117. Based upon the record before this Court, we find that petitioner has failed to satisfy his burden to establish ineffective assistance of counsel.

Following a number of questions from the circuit court regarding petitioner's rights related to his plea and his representation by counsel, the transcript of the plea hearing sets forth the following exchange:

THE COURT: Your lawyer has told you that she would represent you at trial if you so desire?

PETITIONER'S COUNSEL: Your Honor, I'm sorry; my client has a question. If I may have just a moment.

THE COURT: Alright.

PETITIONER'S COUNSEL: Thank you, Judge.

3

THE COURT: Alright. Once again, you have the right to have a lawyer represent you at all phases of these proceedings, whether it's a guilty plea hearing, at a trial, at sentencing. Have your lawyers told you that they would represent you at trial if you so desired?

PETITIONER: Yes, sir.

There was no mention of the psychiatric evaluation or blood spatter evidence close in time to petitioner's question to his counsel. It appears from the transcript that while petitioner had a question for his attorney, he did not express any concern to the circuit court and did not ask to halt proceedings. Instead, he continued his affirmation that he accepted the plea agreement and that he understood the rights he was waiving by opting to enter into the plea agreement. There is no indication from the plea hearing transcript that petitioner had any concern regarding the blood spatter evidence or the psychiatric evaluation. Further, when asked by the circuit court whether he had any questions about the plea agreement or other matters, petitioner indicated he did not.

During the omnibus hearing, petitioner testified consistent with his allegation that his counsel failed to notify him of the results of the psychiatric evaluation or the information regarding the blood spatter. However, his counsel testified that she did discuss the results of the psychiatric evaluation with him, telling him that it stated that petitioner was unlikely to re-offend. She further testified that they discussed how that would not have anything to do with the trial but would impact sentencing if he were convicted. His counsel also testified that she went over the blood spatter information but that there was no written report to review with him. She stated that she mailed the photographs to the expert who provided a verbal report of his findings and that she spoke to petitioner about those findings on more than one occasion. Counsel pointed to her note approximately one week before the plea hearing that indicates that she discussed that expert's findings with petitioner.

In discussing claims of ineffective assistance of counsel, we have held that "'[o]ne who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence.' Syllabus Point 22, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 4, *State ex rel. Kitchen v. Painter,* 226 W.Va. 278, 700 S.E.2d 489 (2010). The only evidence that supports petitioner's contention that he was unaware of the blood spatter information and the results of the psychiatric evaluation is his own self-serving testimony at the omnibus hearing. Based upon the testimony and the record before this Court, we find that the circuit court did not err in finding that petitioner failed to prove by a preponderance of the evidence that trial counsel was ineffective.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II