# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ernest Young, Jr.**
**Petitioner Below, Petitioner**

**FILED**

May 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0226** (Kanawha County 13-P-214)

**West Virginia Department of Corrections,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ernest Young, Jr., by counsel, Andrew Shumate, appeals the February 10, 2014, order of the Circuit Court of Kanawha County denying and dismissing his amended petition for writ of habeas corpus. Respondent West Virginia Department of Corrections, by counsel, Shannon Frederick Kiser, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 18, 2012, petitioner pled guilty to the second degree murder of 81 year-old Wilfred Naylor. On September 26, 2012, petitioner was sentenced to twenty years in the custody of the West Virginia Department of Corrections.[1] On April 2, 2013, petitioner filed, *pro se,* a petition for writ of habeas corpus. The trial court then appointed Andrew Shumate to represent petitioner. On November 12, 2013, petitioner, by counsel, filed a *Losh*[2] checklist and an amended petition for writ of habeas corpus. In his amended petition, petitioner alleged the following grounds for relief: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, denial of effective assistance of counsel, coerced confession and involuntary

---

[1]Petitioner previously appeared before this Court in *State v. Young*, No. 13-0272, (W.Va. Supreme Court, October 21, 2013) (memorandum decision), in which he appealed the circuit court's denial of his motion for reconsideration of his sentence for the second degree murder of Wilfred Naylor. This Court affirmed the circuit court's denial of petitioner's motion for reconsideration.

[2] *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E. 2d 606 (1981).

1

guilty plea.[3]  On January 22, 2014, the circuit court held an omnibus hearing on petitioner's amended petition, during which it heard testimony from petitioner's former trial and appellate counsel.  By order entered February 10, 2014, the circuit court denied petitioner's amended petition for writ of habeas corpus.

In its February 10, 2014, order, the circuit court found no merit to petitioner's claims of ineffective assistance of trial counsel. Petitioner argued that his trial counsel was ineffective in counseling him regarding alternative sentencing[4] and in failing to pursue a motion to suppress statements made by petitioner to law enforcement officers prior to his arrest.[5] The circuit court further found that petitioner offered no evidence or testimony in support of his allegations in his *Losh* list. Specifically, the circuit court ruled that petitioner offered no support to his claims challenging the sufficiency of the evidence against him and the question of his actual guilt upon an acceptable guilty plea. The court found that at petitioner's plea hearing, respondent proffered evidence it would have presented if the matter had gone to trial, which the court determined was clearly sufficient to support petitioner's guilty plea.[6]

---

[3]Petitioner's *Losh* checklist included the following: involuntary guilty plea, denial of counsel, coerced confession, ineffective assistance of counsel, constitutional errors in evidentiary rulings, sufficiency of evidence, question of actual guilt based upon acceptable guilty plea, severer sentence than expected, excessive sentence and, mistaken advice of counsel as to parole or probation eligibility.

[4]Petitioner alleged that he was told by his trial counsel that he would receive home confinement if he pled guilty to second degree murder. The circuit court noted that while petitioner's counsel acknowledged that he discussed the possibility of home confinement with petitioner, counsel advised petitioner that it was "highly unlikely" he would receive such a sentence. The circuit court further found that, given the serious nature of petitioner's crime and information contained within the presentence investigation report, alternative sentence was not appropriate and denied trial counsel's motion for alternative sentencing. Further, the circuit court ruled that petitioner was advised and indicated that he was fully aware of the potential sentence for the charge of second degree murder during his plea hearing.

[5]In making this finding, the circuit court cited the testimony of petitioner's trial counsel who testified that, while reviewing the police report, he saw no information that gave him cause to believe that petitioner's confession was improperly obtained. Additionally, the circuit court noted that at petitioner's plea hearing, petitioner knowingly waived any challenge to illegally obtained evidence or coerced confessions. Further, the court ruled that petitioner offered no evidence or testimony, at the omnibus hearing or otherwise, that any statements petitioner made to law enforcement officers were involuntary or coerced.

[6]Respondent proffered that petitioner beat an 81 year-old man to death with a night stick; that the post-mortem examination disclosed defensive wounds on the victim; and that a number of blows were struck while the victim was prone. The circuit court inquired of petitioner if he agreed that would be the evidence presented by respondent if the case went to trial and he agreed.

With regard to petitioner's claims that his appellate counsel was ineffective in assisting him, the circuit court found nothing ineffective about the appellate counsel's representation. Petitioner argued that his appellate counsel should have presented additional issues in his appeal and was, hence, ineffective. The circuit court noted appellate counsel's testimony that, given petitioner's guilty plea, there were limited issues that could be appealed, that those issues were discussed between petitioner and his appellate counsel, and that petitioner agreed he should only pursue the appeal of the circuit court's denial of petitioner's motion for reconsideration. Appellate counsel filed such an appeal on petitioner's behalf.

Lastly, in his amended petition for writ of habeas corpus, petitioner challenged the rate of compensation paid by the State of West Virginia to court appointed counsel,[7] arguing that because court appointed counsel received a low rate of payment, petitioner was denied his right to competent counsel, as required in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1978). In its February 10, 2014, order, the circuit court noted that while the rate of compensation for court appointed counsel in West Virginia might well be criticized, the representation provided to petitioner by his court appointed counsel did not fall below the standards provided by retained attorneys. The circuit court found that there was no evidence to support petitioner's assertion that appointed counsels' representation of petitioner was in any way less than the representation provided to defendants who personally retain counsel. It is from the circuit court's February 10, 2014, order that petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and conclusions of law are subject to a *de novo* review."  Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises four assignments of error. First, he argues that his appellate counsel was ineffective in failing to raise key issues on direct appeal. Second, he argues that his trial counsel was ineffective for failing to object to the use of evidence obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Third, petitioner argues that the circuit court committed clear error by not finding that his guilty plea was predicated on the use of coerced confessions and evidence obtained in violation of *Miranda*. Lastly, petitioner argues that the circuit court erroneously decided that the current pay scheme for court-appointed counsel for indigent defendants in West Virginia does not violate the Sixth Amendment to the United States Constitution.

---

[7]Court appointed attorney fees are reimbursed at the hourly rates of $65 for in-court time and $45 for out-of-court time.

We will address petitioner's first and second assignments of error together as they both involve claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was adopted by this Court in Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995):

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance as deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

In discussing claims of ineffective assistance of counsel, we have held that "[o]ne who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence." Syl. Pt. 4, *State ex rel Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010) (citing Syllabus Point 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)). We have further ruled that in reviewing counsel's performance, courts must determine whether "the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Miller*, 194 W.Va. at 6, 459 S.E.2d at 117, syl. pt. 6, in part.

Petitioner argues that his trial counsel was ineffective in recommending that he enter a guilty plea to second degree murder, given that most of the evidence against petitioner was discovered through the use of a confession obtained in violation of petitioner's *Miranda* rights. While petitioner acknowledges that his trial counsel made a short motion to exclude any statement petitioner made, he disputes that this issue was fully litigated. It is petitioner's contention that his trial counsel also advised him that, due to the weight of the evidence against him, it would be in petitioner's best interest to enter a guilty plea to the charge of second degree murder to escape a possible sentence of life imprisonment. Petitioner argues that had his confession and the fruits of his confession been excluded, there would have been substantially less evidence for respondent to rely upon at trial and he would not have been compelled to enter a guilty plea.

In support of his assertion that his appellate counsel was ineffective, petitioner claims that the appellate brief filed by his counsel was manifestly insufficient to cover all the issues presented with regard to petitioner's case. Petitioner further contends that his appellate counsel should have included other arguments on appeal related to the issue of ineffective assistance of trial counsel and coerced confession.

Based upon our review of the record before this Court, we find that petitioner has failed to satisfy his burden to establish ineffective assistance of either his appellate or trial counsel. Petitioner does not demonstrate that his counsels' actions were unreasonable or outside the broad range of professionally competent assistance. He offered no evidence or testimony in support of his claims. With respect to his trial counsel, petitioner relied on his argument that *Miranda*

4

warnings, which should have been given to him and were not, necessitated the suppression of his statements to law enforcement officers. Petitioner's trial counsel testified that in his review of petitioner's statements, he saw no indication that *Miranda* warnings were warranted until petitioner was arrested, at which time petitioner was advised of his *Miranda* rights.

Similarly, petitioner's appellate counsel testified that he discussed the issues to be appealed with petitioner prior to filing and that petitioner agreed that his direct appeal should be limited to an appeal of the denial of petitioner's motion for reconsideration of his sentence. We decline to second-guess the strategic decisions of petitioner's trial or appellate counsel and find that the circuit court did not err in denying the amended petition for writ of habeas corpus on these grounds.

Petitioner's third assignment of error alleges that the circuit court committed clear error by not finding that petitioner's guilty plea was predicated on the use of coerced confessions and other improperly obtained evidence. We have previously found that "[t]he burden of proving that a plea was involuntarily made rests upon the pleader." *State ex rel Farmer v. Trent*, 209 W.Va. 789, 794, 551 S.E.2d 711, 716 (2001) (quoting Syl. Pt. 3, *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726 (1971)). Based upon our review of the transcript from the plea hearing, we find that petitioner did not indicate at any point during the hearing that he was coerced or pressured into pleading guilty. To the contrary, he accepted responsibility for his actions. There was no evidence offered in either petitioner's brief or at the omnibus hearing that petitioner was coerced to enter a guilty plea, that petitioner was under any duress to enter a guilty plea, or that the circuit court erred in accepting that plea. Further we note that there was no indication that petitioner had any concern regarding the admissibility or propriety of his statements to law enforcement officers. When asked by the circuit court whether he had any questions about the plea agreement or other matters, petitioner indicated that he did not. Therefore, we find that the circuit court did not err in finding that petitioner's guilty plea was not involuntarily made.

In his fourth assignment of error, petitioner argues that he was denied competent and adequate counsel because the current pay scheme for court-appointed counsel in West Virginia does not adequately compensate these counsel. Petitioner argues that this inadequacy of pay threatens criminal defendants' Sixth Amendment right to counsel. In the case at bar, petitioner alleges that if his counsel had spent more time going over the plea with him at the trial level, helping him understand that home confinement would not be a sentencing option, and developing a better record for the sentencing hearing, a different outcome could have been reached. Likewise, petitioner alleges that had his appellate counsel spent more time writing his appellate brief, he would not have waived the right to argue his Fifth Amendment evidentiary claims on direct appeal. We find no merit to petitioner's claims. Simply put, this claim is wholly unsupported by the record. As noted hereinabove, petitioner failed to establish that his trial or appellate counsel was ineffective. As petitioner was provided competent and effective counsel, we find no merit to petitioner's assertion that his court-appointed counsel, simply because of their lower rate of pay, are incompetent.

For the foregoing reasons, we affirm.

5

Affirmed.

**ISSUED:** May 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II