# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronnie B.**
**Petitioner Below, Petitioner**

**FILED**

**February 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0902** (Preston County 12-C-331)

**David Ballard, Warden, Mount Olive Correctional Complex**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Ronnie B.[1], by counsel David M. Grunau, appeals the August 6, 2014, order of the Circuit Court of Preston County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Jonathan E. Porter, filed a response in support of the circuit court's order, to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 1996, petitioner was indicted by the Preston County Grand Jury on a thirty-three count indictment alleging three counts of first degree sexual abuse; three counts of first degree sexual assault; seven counts of third degree sexual assault; ten counts of sexual abuse by a caretaker; and ten counts of incest. Each of the charges in the indictment related to petitioner's abuse of his young child on at least ten distinct occasions. On September 30, 1996, petitioner entered a guilty plea to one count of first degree sexual abuse, three counts of first degree sexual assault, one count of third degree sexual assault, three counts of sexual abuse by a caretaker, and three counts of incest. On December 20, 1996, petitioner was sentenced to 52 to 120 years in prison.[2] Petitioner did not appeal, but seven years after his conviction, on March 21, 2003, he

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner was sentenced by the circuit court as follows: 1) One to five years for his conviction of first degree sexual abuse as charged in count one of the indictment; 2) Fifteen to thirty-five years upon each of his three convictions for first degree sexual assault, as charged in (continued . . .)

1

filed a petition for writ of habeas corpus in Preston County Circuit Court. The case was assigned Civil Action Number 03-C-334, and counsel was appointed to represent petitioner.[3]

An omnibus evidentiary hearing was held on October 23, 2006, after which the circuit court denied petitioner's habeas petition. On December 10, 2012, petitioner filed his second habeas petition (again in Preston County Circuit Court, Civil Action Number 12-C-331) and new counsel was appointed to represent him.[4] On February 10, 2014, respondent filed a motion to dismiss, asserting that the issues raised in petitioner's second habeas petition were barred by the doctrine of res judicata.

On August 6, 2014, the circuit court granted respondent's motion to dismiss, but reissued its denial of habeas relief in Civil Action Number 03-C-34, and granted petitioner leave to appeal that denial. In its order denying habeas relief in Civil Action Number 03-C-34, the circuit court found (1) that petitioner's guilty plea was not involuntary even though petitioner was not advised

counts four, five, and six of the indictment, with the sentence imposed in count four to run consecutively with the sentence imposed in count one, and the sentences imposed in counts five and six to run concurrently with each other and consecutively with the sentences imposed in count four; 3) One to five years upon his conviction of third degree sexual assault as charged in count seven of the indictment, with the sentence imposed in count seven to run consecutively with the sentence imposed in count six of the indictment; 4) Five to fifteen years upon each on his convictions of sexual abuse by a caretaker as charged in counts fourteen, fifteen, and sixteen of the indictment, with the sentence imposed in count fourteen to run consecutively with the sentence imposed in count seven of the indictment, and the sentences imposed in counts fifteen and sixteen to run concurrently with each other and consecutively with the sentence imposed in count fourteen; and 5) Five to fifteen years for each of his convictions of incest as charged in counts twenty-four, twenty-five, and twenty-six of the indictment, with the sentence imposed in count twenty-four to run consecutively with the sentence imposed in count sixteen, and the sentences imposed in counts twenty-give and twenty-six to run concurrently with each other and consecutively with the sentence imposed in count twenty-four.

[3]In his first habeas petition, petitioner raised the following grounds: involuntary guilty plea, mental competency at the time of the crime, mental competency at the time of trial cognizable even if not asserted at proper time or if resolution not adequate, failure of counsel to take an appeal, consecutive sentences for the same transaction, ineffective assistance of counsel, excessiveness or denial of bail, challenges to the composition of grand jury or its procedures, defects in the indictment, refusal of continuance, non-disclosure of Grand Jury minutes, question of actual guilty upon an acceptable guilty plea, severer sentence than expected, excessive sentence, and improper lack of instruction by trial judge on appeal and reduction of sentence rights.

[4]In his second habeas petition, petitioner raised two grounds for relief. First petitioner alleged that his sentence amounted to cruel and unusual punishment. Second, petitioner alleged that he first habeas counsel was ineffective in failing to appeal the order denying his first habeas petition.

of the risk of the harsh sentence imposed; (2) that failure of counsel to appeal did not constitute ineffective assistance; (3) that the indictment was not defective even though it was impermissibly vague (as it did not adequately advise petitioner of the charges against him); (4) that the trial court adequately established guilt during its colloquy with petitioner at his plea hearing; (5) that petitioner's receipt of a severer sentence than expected did not invalidate his guilty plea; (6) that the petitioner's sentence was not excessive; and (7) that the trial judge properly instructed the petitioner as to his appeal rights and reduction of sentence. It is from the August 6, 2014, order that petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises five assignments of error. First, petitioner argues that the circuit court erred in finding that his guilty plea was voluntarily made. Second, petitioner contends that the circuit court erred in finding that the indictment returned against petitioner was not defective. Third, petitioner argues that the circuit court failed to adequately establish his guilt during the plea colloquy. Fourth, petitioner alleges that the circuit court erred in finding that petitioner's receipt of a severer sentence than expected did not invalidate his guilty plea. Last, petitioner contends that the circuit court erred in finding that his sentence was not excessive.

We will address petitioner's first, third, and fourth assignments of error together as they each relate to petitioner's guilty plea. In his first assignment of error, petitioner alleges that his guilty plea was not voluntarily made because he was not advised of the risk of the harsh sentence imposed. Petitioner further suggests that his guilty plea was involuntary due to his trial counsel's lack of investigation and ineffective assistance; Petitioner's lack of understanding of the specific charges in the indictment; and petitioner's unstable mental and emotional state. In his third and fourth assignments of error, petitioner contends that the circuit court failed to adequately establish guilt during the plea colloquy and that petitioner's receipt of a more severe sentence than expected invalidated his guilty plea.

We have previously found that "[t]he burden of proving that a plea was involuntarily made rests upon the pleader." *State ex rel Farmer v. Trent*, 209 W.Va. 789, 794, 551 S.E.2d 711, 716 (2001) (quoting Syl. Pt. 3, *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726 (1971)). Based upon our review of the transcript from the plea hearing, we find that petitioner was well-informed about the potential penalties. There was no indication during the plea hearing that petitioner did not understand the process, or was unaware of the nature of the charges against him. There is no evidence that petitioner was coerced to enter the plea, or was under any

3

duress to enter the plea. The circuit court properly determined that the plea was voluntarily and intelligently made and that the defendant understood the consequences of the plea and the constitutional rights he was waiving.[5] Therefore, we find that the circuit court did not err in finding that petitioner voluntarily pled guilty.

In his second assignment of error, petitioner contends that the circuit court erred in finding that the indictment entered against him was not defective. It is petitioner's assertion that the indictment was impermissibly vague, duplicative and did not adequately advise petitioner of the charges against him. Petitioner contends that because of these deficiencies, he was unable to prepare a defense.

We have held that

[a]n indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W.Va. R. Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

Syl. Pt. 6, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999).

In the instant case, petitioner argues that the indictment contained no dates (not even months or years in which the alleged crimes occurred). As a result, petitioner had no way to know what he was charged with or what charges to which he was pleading guilty. Conversely, respondent argues that any deficiencies in the indictment were cured by the provision of a bill of particulars. Further, even in the absence of specific dates for the alleged abuse, the indictment passes constitutional muster under *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996), in that it clearly identified the allegations so that petitioner could know what crimes he was accused of committing. We agree with respondent's argument.

Based on our review of the record before us, we find that any deficiencies in the indictment were cured by the provision of a bill of particulars. Even without the bill of particulars, the indictment set forth the elements of the offenses charged, put petitioner on fair notice of the charges against him and enabled petitioner to assert an acquittal or conviction in order to prevent being placed twice in jeopardy. See Wallace, 205 W.Va. at 27, 517 S.E.2d at 162. As such, the circuit court did not err in finding that the indictment returned against petitioner was not defective.

---

[5]During the plea hearing, petitioner admits his guilt; admits that he has read and understands the plea agreement; admits that he understands the charges against him, and the potential penalties; admits he is satisfied with his attorney; and admits he was of sound mind at the time.

In his last assignment of error, petitioner contends that the circuit court erred in finding that petitioner's sentence was not excessive. Petitioner was sentenced to 52 to 120 years in prison for what he contends consisted of three acts of sexual misconduct. Petitioner argues that such a scenario violates federal and State constitutional prohibitions on cruel and unusual punishment as petitioner's unjustifiably harsh sentence was disproportionate to the character and degree of the underlying offense, and shocks the conscience. As such, petitioner contends that his sentence must be vacated. We disagree.

This Court has set forth two tests for determining whether a sentence is so disproportionate that it violates the Constitution. The first test is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. *State v. Cooper*, 172 W.Va. 266, 271, 304 S.E.2d 851, 857 (1983). When it cannot be said that a sentence shocks the conscience, a proportionality challenge is guided by the objective test wherein consideration is given to the nature of the offense, the legislative purpose behind the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdictions. Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

In the present case, substantial deference should be afforded to the findings and conclusions of the circuit court. Specifically, "'[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong.' Syllabus point 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975)." Syl. Pt. 2, *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999). Here, the sentence imposed upon petitioner does not offend the fundamental notions of human dignity, where petitioner sexually assaulted his young daughter on multiple occasions. Further, the sentences do not exceed the statutory limits of any offense charged against petitioner, nor is it disproportionate to the sentence imposed for similar crimes in other jurisdictions.

We have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Accordingly, we find that the sentence imposed by the circuit court is not unconstitutionally disproportionate to the crime committed by and charged against petitioner.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 12, 2016

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II